UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 25-cv-3227 |
| F. DONALD HECK, JR. and JOHN SHAW, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLC, and for its Complaint for Declaratory Judgment against F. Donald Heck, Jr. ("Heck") and John Shaw ("Shaw"), states as follows:

**NATURE OF ACTION**

1. Nautilus is an insurance company that issued a commercial general liability insurance policy, policy number NN1574822, to Hooligans Tavern d/b/a Triplett & Klitz, LLC ("Hooligans Tavern") as the named insured, for the period of August 2, 2023 to August 2, 2024 (the "Nautilus Policy"). A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit A**.

2. Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act), seeking a declaration with respect to its duties under the Nautilus Policy in connection with the lawsuit entitled *John Shaw v. Triplett & Klitz LLC, d/b/a Hooligans Tavern and F. Donald Heck, Jr.*, Case No. 2024-LA-2, pending in the Circuit Court for the Eighth Judicial Circuit for Adams County, Illinois (the "*Shaw* Lawsuit"). A true and correct

copy of the operative pleading filed in the *Shaw* Lawsuit, the Amended Complaint filed on June 18, 2024, is attached hereto as **Exhibit B**.

3. Nautilus seeks a declaration that Heck, a defendant in the *Shaw* Lawsuit, does not qualify as an insured under the Nautilus Policy and that as a result, there is no coverage available under the Nautilus Policy for the claims made and relief sought against Heck in the *Shaw* Lawsuit.

4. Alternatively, to the extent Heck does qualify as an insured under the Nautilus Policy, Nautilus seeks a declaration that the maximum amount of coverage available to Heck in connection with the *Shaw* Lawsuit is $100,000.

5. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under the Nautilus Policy. Nautilus contends that no coverage is available to Heck under the Nautilus Policy for the *Shaw* Lawsuit based on the terms, conditions, and exclusions of the Nautilus Policy and applicable law, while Heck contends that coverage exists under the Nautilus Policy with respect to Heck in connection with the *Shaw* Lawsuit.

6. Nautilus has no remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Nautilus Policy. A judicial declaration is necessary and appropriate at this time so that Nautilus may ascertain its rights and duties with respect to coverage for Heck under the Nautilus Policy for the *Shaw* Lawsuit.

## **THE PARTIES**

7. Nautilus is a corporation organized under the laws of Arizona, with its principal place of business in Scottsdale, Arizona, and therefore, is a citizen of Arizona.

8. At all times relevant hereto, Heck was a citizen of Adams County, Illinois.

9. At all times relevant hereto, Shaw was a citizen of Adams County, Illinois.

## JURISDICTION

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the case relates to an insurance policy that provides well in excess of $75,000 in coverage for covered claims, and the underlying lawsuit, which gives rise to this insurance coverage action, seeks monetary damages well in excess of $75,000.

## VENUE

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district, and because at least one of the defendants is a resident of this judicial district.

## THE *SHAW* LAWSUIT

12. The *Shaw* Lawsuit alleges that Hooligans Tavern is a restaurant open to the general public located at 743 S. 10th Street in Quincy Illinois. *See* Ex. B, ¶ 1.

13. The *Shaw* Lawsuit alleges that, on or about October 31, 2023, Hooligans Tavern had inadequate lighting, railings, and supervision "outside and in or around its stairs." *See* Ex. B, ¶¶ 3-4.

14. The *Shaw* Lawsuit alleges that, on or about October 31, 2023, Shaw, while exiting Hooligans Tavern, "tripped and fell on the stairs outside the premises on an obstruction due to the inadequate lighting, railing and supervision outside and in or around the stairs." *See* Ex. B, ¶ 6.

15. The *Shaw* Lawsuit alleges that Hooligans Tavern was negligent in failing to warn Shaw of the inadequate lighting, railing and supervision outside and in or around the stairs. *See* Ex. B, ¶¶ 7-12.

16. The *Shaw* Lawsuit alleges that, as a result of the careless and negligent acts and/or omissions of Hooligans Tavern, Shaw sustained severe and permanent injuries, which caused severe pain and suffering and will continue in the future to cause pain and suffering, and that Shaw has incurred medical bills, hospital bills, pharmacy bills, and other related bills in connection with those injuries. *See* Ex. B, ¶ 13.

17. The *Shaw* Lawsuit alleges that, on or about October 31, 2023, Heck owned, managed, controlled, and maintained the outside of Hooligans Tavern. *See* Ex. B, ¶ 15.

18. The *Shaw* Lawsuit alleges that, Heck should reasonably have expected that patrons of Hooligans Tavern, such as Shaw, would not discover or realize the danger posed by the inadequate lighting, railing, and supervision outside and in or around the stairs, and that Heck was negligent in failing to warn Shaw of the inadequate lighting, railing and supervision outside and in or around the stairs. *See* Ex. B, ¶¶ 20-24.

19. The *Shaw* Lawsuit alleges that, as a result of the careless and negligent acts and/or omissions of Heck, Shaw sustained severe and permanent injuries. *See* Ex. B, ¶¶ 25-26.

## LEASE BETWEEN HECK AND HOOLOGANS TAVERN

20. On June 28, 2023, Heck (as landlord) and Hooligans Tavern (as tenant) entered into a two-year lease for the premises located at 743 S. 10th Street in Quincy, Illinois, for a period beginning July 1, 2023 and ending on June 30, 2025 (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit C**.

21. Per the Lease, Heck, "for and in consideration of the covenants and agreements hereinafter contained and made by [Hooligans Tavern], does hereby demise and lease to [Hooligans Tavern] for use by [Hooligans Tavern] only, **the first floor only of the**" Premises. (Ex. C, Emphasis added.)

22. Article VII of the Lease provides that:

> [Triplett & Klitz] agrees to carry public liability insurance covering [Triplett & Klitz's] operation of the demised premises in an acceptable company in an amount of not less than One Hundred Thousand Dollars ($100,000.00) per person and Three Hundred Thousand Dollars ($300,000.00) per occurrence at [Triplett & Klitz's] expense and said policy shall include [Heck] as named insured….

(Ex. C.)

## THE NAUTILUS POLICY

23. Nautilus issued a commercial general liability insurance policy, policy number NN1574822, to Hooligans Tavern d/b/a Triplett & Klitz, LLC as the named insured, for the period of August 2, 2023 to August 2, 2024. *See* Ex. A.

24. The Nautilus Policy generally provides $1 million of liability coverage for each covered occurrence and $2 million in the aggregate, subject to the various terms, conditions, and exclusions set forth therein. *See* Ex. A at p. 12.

## COUNT I

### HECK DOES NOT QUALIFY AS AN INSURED UNDER THE NAUTILUS POLICY IN CONNECTION WITH THE *SHAW* LAWSUIT

25. Nautilus adopts and re-alleges the allegations in paragraphs 1 through 24 of its Complaint for Declaratory Judgment as and for paragraph 25 of Count I, as if fully set forth herein.

26. The Nautilus Policy provides, in relevant part, the following with respect to liability coverage afforded therein:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   \*\*\*

   b. This insurance applies to "bodily injury" and "Property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

   \*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

*See* Ex. B, pp. 13-28.

27. The Nautilus Policy, therefore, only affords coverage to insureds. *Id*.

28. The Nautilus Policy defines "you" and "your" to mean the named insured identified on the Nautilus Policy: Hooligans Tavern d/b/a Triplett & Klitz, LLC.

29. Heck is not a named insured under the Nautilus Policy.

30. The Nautilus Policy incorporates the following "Who Is An Insured" provisions:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

\* \* \*

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

**2.** Each of the following is also an insured:

\* \* \*

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

    **b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

*See* Ex. B, pp. 21-22.

31. Hooligans Tavern is designated in the Declarations of the Nautilus Policy as a limited liability company. *See* Ex. B, p. 2.

32. The *Shaw* Lawsuit does not allege, and no extrinsic suggests, that Heck is a member or a manager of Hooligans Tavern.

33. The *Shaw* Lawsuit does not allege, and no extrinsic suggests, that Heck is "volunteer worker" or a non-manager "employee" of Hooligans Tavern.

34. Moreover, the *Shaw* Lawsuit alleges that, on or about October 31, 2023, Heck owned, managed, controlled and maintained the outside of Hooligans Tavern, and, pursuant to the Lease, Heck leased the first floor only of the building located at the premises commonly known as 743 S. 10th Street in Quincy, Illinois to Hooligans Tavern. *See* Ex. B, ¶ 15; Ex. C at p. 1.

35. The *Shaw* Lawsuit does not allege, and no extrinsic suggests, that Heck acted as Hooligans Tavern's real estate manager.

36. Heck therefore does not qualify as an insured under the Nautilus Policy's "Who Is An Insured" provision in connection with the *Shaw* Lawsuit.

37. The Nautilus Policy contains endorsement form CG 20 11 (12/19), "Additional Insured – Managers Or Lessors Of Premises", which states:

**ADDITIONAL INSURED - MANAGERS OR LESSORS OF PREMISES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Designation Of Premises (Part Leased To You):**

743 S. 10th, QUINCY IL 62301

**Name Of Person(s) Or Organization(s) (Additional Insured):**

Don Heck

**Additional Premium:**        $

8

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by you or those acting on your behalf in connection with the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

**1.** Any "occurrence" which takes place after you cease to be a tenant in that premises.

**2.** Structural alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

However:

**1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III - Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

*See* Ex. B, p. 29. (hereinafter, the "A.I. Endorsement").

9

38. Pursuant to the A.I. Endorsement, Heck qualifies as an additional insured under the Nautilus Policy, but only with respect to liability for "bodily injury" caused, in whole or in part, by Hooligans Tavern or those acting on Hooligans Tavern's behalf in connection with the ownership, maintenance or use of ***that part of the premises leased to Hooligans Tavern*** and shown in the Schedule. *Id*. (emphasis added).

39. On June 28, 2023, Heck and Hooligans Tavern entered into a Lease for the ***first floor only*** of the building located at the premises commonly known as 743 S. 10th Street in Quincy, Illinois, for a period beginning July 1, 2023 and ending on June 30, 2025. *See* Ex. C at p. 1 (emphasis added).

40. Heck does not qualify as an additional insured for the claims asserted in the *Shaw* Lawsuit because the alleged injuries to Shaw did not occur in "that part of the premises leased to Hooligans Tavern and shown in the Schedule."

41. Accordingly, Nautilus has no duty under the Nautilus Policy to defend Heck in the *Shaw* Lawsuit, or to indemnify Heck for any judgment or settlement entered in the *Shaw* Lawsuit.

42. An actual controversy exists between Nautilus, Heck, and Shaw and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that Heck does not qualify as an insured or an additional insured under the Nautilus Policy for the claims asserted in the *Shaw* Lawsuit;

    c.      Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Heck in the *Shaw* Lawsuit, or to indemnify Heck for any judgment or settlement entered in the *Shaw* Lawsuit; and

    d.      Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

### IN THE ALTERNATIVE, TO THE EXTENT THAT HECK QUALIFIES AS AN INSURED UNDER THE NAUTILUS POLICY IN CONNECTION WITH THE *SHAW* LAWSUIT, COVERAGE IS LIMITED TO $100,000.

43. Nautilus adopts and re-alleges all the allegations in paragraphs 1 through 41 of its Complaint for Declaratory Judgment as paragraph 42 of Count II, as if fully set forth herein.

44. The A.I. Endorsement provides that, if coverage provided to the additional insured is required by a contract or agreement, the most Nautilus will pay on behalf of the additional insured is the amount of insurance (1) required by the contract or agreement; or (2) available under the applicable limits of insurance, ***whichever is less***. *See* Ex. B, p. 29.

45. The Nautilus Policy generally provides $1 million of liability coverage for each covered occurrence and $2 million in the aggregate, subject to the various terms, conditions, and exclusions set forth therein. *See* Ex. A at p. 12.

46. However, the Lease only required Hooligans Tavern to procure liability insurance covering Hooligans Tavern's operation of the demised premises with coverage limits in an amount not less than **$100,000 per person** and $300,000 per occurrence, and further provides that such policy shall include Heck as named insured. *See* Ex. C. at p. 3.

47. The amount of insurance required by the Lease is therefore less than the amount of insurance available under the applicable limits of insurance the Nautilus Policy.

48. Therefore, to the extent Heck qualifies as an additional insured under the A.I. Endorsement in connection with the *Shaw* Lawsuit, which Nautilus does not concede, coverage

11

available to Heck is limited to $100,000 pursuant to the terms of the A.I. Endorsement and the Lease.

49. An actual controversy exists between Nautilus, Heck, and Shaw, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that, to the extent Heck qualifies as an additional insured under the Nautilus Policy in connection with the *Shaw* Lawsuit, coverage available to Heck under the Nautilus Policy in connection with the *Shaw* Lawsuit is limited to $100,000; and

c. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated: August 1, 2025

    Respectfully submitted,

    TRAUB LIEBERMAN
    STRAUS & SHREWSBERRY LLP

    */s/ Dana R. Rice*
    Dana R. Rice (6283827)
    Adam P. Joffe (6300116)
    71 South Wacker Drive, Suite 2110
    Chicago, Illinois 60606
    Telephone: (312) 332-3900
    Facsimile: (312) 332-3908
    drice@tlsslaw.com
    ajoffe@tlsslaw.com
    One of the Attorneys for Defendant
    *Nautilus Insurance Company*